UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| v. | } | Crim. No. SA-08-CR-070 OLG |
| | } | |
| JUAN ALBERTO CARDONA, | } | |
|     Defendant. | } | |

### ORDER DENYING MOTION TO MODIFY (DOCKET ENTRY 11)

The matter before the Court is defendant's motion to modify conditions of release and the government's response thereto (docket entries 11 and 12).  By his motion the defendant asks that the electronic monitoring condition of his bond be removed, as well as the requirement that he notify his employer about the computer restrictions.

Defendant has been charged in Count 1 of the two count indictment with receiving child pornography in violation of 18 U.S.C. §2252(a)(2).  Section 3143(c)(1) of Title 18 requires the imposition of an electronic monitoring condition as well as restrictions on travel when a violation of section 2252(a)(2) has been charged.

Consistent with 18 U.S.C. §3143(c)(1), I imposed a travel restriction on defendant, prohibiting him from being within 100 yards of any school, day care center, park or other place where children congregate.[1]  Even were electronic monitoring not required by section 3143(c)(1), compliance with this travel restriction can only be monitored with the use of GPS monitoring equipment.  Because of the particular offense with which defendant is charged in Court 1 and the particular travel restriction imposed, the motion to modify to remove the electronic monitoring

---

[1] Docket entry 8, condition 7(dd).

1

condition is ORDERED DENIED.

Defendant also asks the Court to modify conditions to omit the requirement that he notify his employer of his computer restrictions. The Order Setting Conditions of Release explained that if it was determined that defendant does not have to use a computer at his place of employment then he is not required to notify his employer of the computer restriction. If Pretrial Services verifies that the only computer which defendant uses at his workplace is his own laptop computer and that he has no need to utilize other computers at the workplace, and the monitoring software is installed on the defendant's computer, then defendant is not required to notify his employer of the computer restriction. There is no need to modify the Order Setting Conditions in this regard.

It is so ORDERED.

**SIGNED** on February 28, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE